UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DORIS HAYES BRICE,

                              Plaintiff,                            **MEMORANDUM AND ORDER**
      - against -                                                   19-CV-2830 (RRM)

UNITED STATES,

                              Defendant.
-------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

      This action arises out of a slip-and-fall at the Veterans Affairs Medical Center in Brooklyn, New York, on February 21, 2019. Plaintiff Doris Hayes Brice, proceeding *pro se,* filed this complaint on May 6, 2019, against the hospital, seeking damages of one million dollars for her medical treatment, pain, and suffering caused by the fall. By Order dated June 22, 2021, the action was dismissed without prejudice to the refiling of an amended complaint, within thirty days, that named the United States as defendant and alleged the exhaustion of administrative remedies under the Federal Tort Claims Act ("FTCA"). Although plaintiff filed an Amended Complaint on July 22, 2021, naming the United States as defendant, she failed to allege exhaustion of administrative remedies. Accordingly, for the reasons set forth below, the action is dismissed.

## BACKGROUND

      Plaintiff's original complaint consisted of a completed form entitled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)." That form was designed to be used to bring only two types of claims: claims pursuant to 42 U.S.C. § 1983 against state and/or local officials and *Bivens* claims against federal officials. (See Complaint, ¶ II.A.) Plaintiff, who principally alleged that negligence on the part of hospital employees cause her to slip and fall,

1

was not bringing either type of claim. However, in the section entitled "Basis for Jurisdiction," she checked a box to indicate that she was bringing a *Bivens* action.

In an order dated June 22, 2021 (the "Prior Order"), the Court dismissed plaintiff's original complaint for failure to state a *Bivens* claim. However, since the facts alleged in her complaint suggested an FTCA claim sounding in negligence, the Court granted plaintiff leave to file an amended complaint. The Prior Order not only advised plaintiff that "the FTCA requires that a tort claim against the United States first be presented for administrative resolution[,] 28 U.S.C. § 2675," and that "FTCA plaintiffs must … allege "proper exhaustion," (Prior Order at 4 (citing cases)), but concluded: "the instant complaint is dismissed without prejudice to the refiling of an amended complaint, within 30 days, that names the United States as defendant and alleges the exhaustion of administrative remedies," (*id.*).

Plaintiff has now filed her Amended Complaint (Doc. No. 6). Plaintiff elected to continue using the form entitled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," and has checked a box to indicate that she is bringing a section 1983 claim, rather than a Bivens claim. Although the pleading names the United States as defendant, it largely repeats the allegations concerning her slip-and-fall on February 21, 2019, at the Brooklyn VA Medical Center. (Am. Compl. (Doc. No. 6) at 6.) It makes no reference to the FTCA and does not allege exhaustion of her administrative remedies with the VA.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In reviewing plaintiff's Amended Complaint, the Court is mindful that "the

2

submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations and emphasis omitted).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject-matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–701 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

## DISCUSSION

The Court has liberally construed the amended complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but finds no basis for a claim under Section 1983 nor subject matter jurisdiction under the Federal Tort Claims Act.

A. <u>The Federal Tort Claims Act</u>

As explained in the Prior Order, the FTCA requires that a plaintiff to exhaust her administrative remedies before filing this action in federal court. *See* 28 U.S.C. § 2675. The FTCA's administrative exhaustion requirement cannot be waived, *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), and (2) applies equally to litigants

3

with counsel and those, like Plaintiff, proceeding *pro se*, *McNeil v. United States*, 508 U.S. 106, 113 (1993). A plaintiff has the burden "to both plead and prove compliance" with the statutory exhaustion requirements and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (quoting *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983)).

The Amended Complaint is silent as to plaintiff's efforts, if any, to exhaust her administrative remedies. Since plaintiff has failed to plead that she has followed the requisite administrative process, the Court lacks subject matter jurisdiction over the FTCA claims. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 936 (S.D.N.Y. 2018). Accordingly, the Court does not have subject matter jurisdiction with respect to the claim against the United States.

B. The Section 1983 Claim

Although plaintiff's Amended Complaint alleges a Section 1983 action against state or local officials for a violation of her constitutional rights, the facts alleged do not make out a such a claim. To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Brice alleges negligence, not a constitutional violation, and has named the United States as a defendant, not a state or local actor. Plaintiff's section 1983 claim is therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons stated above, the Amended Complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). Since there is no indication that plaintiff might be able to allege a valid claim if she were granting leave to replead, this action is dismissed with prejudice and without leave to replead. The Clerk of Court is directed to enter judgment in favor of defendant United States, to mail a copy of the judgment and this Memorandum and Order to plaintiff, to note the mailing on the docket sheet, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 29, 2022

<em>Roslynn R. Mauskopf</em><br>
ROSLYNN R. MAUSKOPF<br>
United States District Judge